**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TOM PAZIOUROS, and DOES 1 to 10,<br><br>　　　　Defendants. | CV 19-05055-RSWL-SK<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

　　Plaintiff Antonio Fernandez ("Plaintiff") filed his Complaint [1] against Defendant Tom Paziouros ("Defendant") on June 11, 2019, alleging violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").

　　In order to "invoke jurisdiction of the federal court, a disabled individual claiming discrimination must satisfy the case or controversy requirement of

1

Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 946 (9th Cir. 2011). "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." Davis v. Federal Election Com'n, 554 U.S. 724, 732 (2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Here, the real property in question was owned and is currently owned by Adelphia Properties, LLC ("Adelphia Properties"). Compl. ¶¶ 3, 4. Plaintiff identifies Defendant as a member/manager of Adelphia Properties. Id.; see Public Records in Supp. of Pl.'s Appl. for Default J. ("Public Records"), ECF No. 13-7. But instead of bringing this Action against Adelphia Properties, Plaintiff seeks recovery against Defendant in his individual capacity. Plaintiff has neither shown that his injury is traceable to an action that Defendant took as an individual, nor that the injury will be redressed by a favorable decision against Defendant as an individual.

Pursuant to Title III of the ADA, a defendant can only be liable for the discriminatory conduct if, in his individual capacity, he can be considered an owner, operator, or lessor. 42 U.S.C. § 12182(a). "Operate" in this context is interpreted as "being in a position

of authority and having the power and discretion to perform potentially discriminatory acts." Codding v. Adelphi Univ., 45 F. Supp. 2d 211, 215 (E.D. N.Y. 1999); see Howe v. Hull, 873 F. Supp. 72, 78 (N.D. Ohio 1994) (holding on-call admitting physician "operated" within the meaning of the ADA because he was in a position of authority at the hospital, was vice chief of staff and medical director of special service, and had authority to admit patients).

    The fact that Defendant is one of three members of the LLC that owns the property and was a former owner of the property is insufficient to show that Plaintiff's injury is "fairly traceable" to an action by Defendant, or further, that a decision by this Court against Defendant will provide redress.

    As such, Plaintiff is **HEREBY ORDERED** to show, in writing, on or before December 20, 2019, that Plaintiff has standing to bring this Action.

**IT IS SO ORDERED.**

DATED: December 11, 2019       /s/ Ronald S.W. Lew
                                        **HONORABLE RONALD S.W. LEW**
                                        Senior U.S. District Judge